UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN R. MATTIX,

    Plaintiff,

vs.                                                        Case No.   3:12-cv-43-J-34MCR

DUNN PLAZA INVESTMENTS, LLC,

    Defendant.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Enforce Court Order and to Compel Inspection (Doc. 11) filed July 5, 2012.  Defendant filed a response in opposition to this Motion on July 16, 2012.  Accordingly, the matter is now ripe for judicial review.

## **I.  BACKGROUND**

On January 13, 2012, Plaintiff filed a complaint under Title III of the Americans with Disabilities Act (the "ADA") alleging Plaintiff encountered barriers to access at a shopping center owned by Defendant.  (Doc. 1).  On January 24, 2012, the Court entered the ADA Scheduling Order (Doc. 4) directing that "[w]ithin 30 days from the date of service of process, Defendant shall permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect that portion of the Defendant's facility which Plaintiff claims to be non-compliant."  (Doc. 4, p.1).  The Order further provided: "[d]ue to the volume of these cases, the Court expects strict adherence to these deadlines.

Nevertheless, either party, for good cause shown, may move to alter this schedule should circumstances truly warrant modification." Id. at p.5.  According to Plaintiff, his attorney has been attempting to arrange a property inspection pursuant to the Scheduling Order, however, Defendant has failed to cooperate and therefore, Plaintiff was required to file the instant Motion.  Defendant responds that despite the directive in the Scheduling Order requiring the inspection occur within thirty days from the date of service of process, Plaintiff waited until twenty-four days after this time period to make his first request to inspect the property.  (Doc. 13).  Further, Defendant contends the Complaint fails to specifically identify any particular tenant or business Plaintiff allegedly visited, or any alleged 'barriers' he encountered."  (Doc. 13, pp. 3-4).  As such, Defendant asks the Court to deny the instant Motion.

## II.  DISCUSSION

Plaintiff asks the Court to enforce the ADA Scheduling Order and to compel Defendant to allow him to inspect its property.  However, as Defendant pointed out, the time period for the inspection has expired and pursuant to the express terms of the Scheduling Order, in order for Plaintiff to alter the deadlines, he is required to file a motion seeking to do so and showing good cause.  The instant motion fails to show good cause for the delay in requesting the inspection.

Moreover, Rule 34 of the Federal Rules of Civil Procedure permits a party to inspect the property in possession or control of another property within the scope of Rule 26.  In the instant case, the property at issue is a shopping center owned by Defendant.  Defendant points out that in the center, it has several tenants and argues

the Complaint fails to specifically identify any particular tenant or business allegedly visited by Plaintiff or any of the alleged barriers he encountered at those businesses. Instead, the Complaint lists various alleged violations related to parking, ramps, entrance access, drinking fountains, counters, fixed tables, and restrooms.  (Doc. 1, ¶9). Plaintiff further alleges this list is not exhaustive.  (Doc. 1, ¶¶ 9, 12).  However, the Complaint does not specify at which locations within the shopping center he experienced the barriers, which businesses he attempted or intended to visit, or which businesses he is likely to visit in the future.  Without such information, it is not possible for the Court to determine the proper scope of the inspection.  Additionally, as Defendant correctly points out, Plaintiff does not have standing to challenge alleged barriers of which he was unaware at the time he filed his complaint. See Norkunas v. Seahorse NB, LLC, 720 F.Supp.2d 1313, 1319 (M.D. Fla. 2010), aff'd, 444 F.App'x 412 (11th Cir. 2011) (citing Brother v. CPL Invest., Inc., 317 F.Supp.2d 1358, 1368 (S.D. Fla. 2004)).  As such, it is necessary for Plaintiff to provide the specificity noted above in the complaint.

As this Court has already noted, "[w]hile several courts outside of the Eleventh Circuit hold otherwise, a number of district courts in this Circuit have limited inspection to access barriers specified in the complaint."  Hoewischer v. Property Management Support, Inc., No. 3:11-cv-1135, 2012 WL 686072, *1 (M.D. Fla. Mar. 2, 2012) (citing numerous cases holding similarly).  The undersigned agrees with those holdings and will therefore, deny the instant Motion.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Enforce Court Order and to Compel Inspection (Doc. 11) is **DENIED**. If Plaintiff wishes to inspect Defendant's property, he must amend his complaint to specify at which establishments on Defendant's property he experienced barriers, which businesses he attempted or intended to visit, and which businesses he is likely to visit in the future. If Plaintiff wishes to file an amended complaint, he must first obtain leave pursuant to Rule 15(a)(2), Fed.R.Civ.P.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __19th__ day of July, 2012.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record